UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Joseph Edwards,  #03245-000,<br><br>                   Plaintiff,<br><br>vs.<br><br>Mr. Micheal A. Zenk, Warden;<br>Mr. Romero, Associate Warden;<br>Mr. J. E. Stewart, Unit Manager;<br>Mr. Micheal Howard, SIS Lt.;<br>Ms. C.C. Gladney, Case Manager;<br>Ms. Susan Hislop, DHO;<br>Ms. Leslie L. Carpenter, Case Manager,<br><br>                   Defendants. | C/A No. 3:09-2340-MBS-JRM<br><br><br>Report and Recommendation |

       This is a civil rights action filed *pro se* by a federal prison inmate who is currently incarcerated at FCI-Edgefield, in Edgefield, South Carolina. In the Complaint submitted in this case, Plaintiff sues numerous officials and employees of the federal prison in Atlanta, Georgia (USP-Atlanta), where he was apparently incarcerated during 2006 before being administratively transferred from that prison following a disciplinary violation conviction. According to Plaintiff, his due process rights were violated by Defendants in connection with the administrative proceedings on the disciplinary violation charge or charges that ultimately resulted in Plaintiff's loss of certain inmate privileges, his loss of some good time sentence credits, and his transfer to another institution. He seeks damages and injunctive relief from the Defendants under the *Bivens* Doctrine.[1]

---

[1] *See Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388, 397 (1971). In *Bivens*, the Supreme Court established a direct cause of action under the Constitution of the United States against federal officials for the violation of federal constitutional rights. A *Bivens* claim is analogous to a claim under 42 U.S.C. § 1983: federal officials cannot be sued under 42 U.S.C. § 1983 because they do not act under color of *state* law. *Harlow v. Fitzgerald*, 457 U.S. 800, 814-20 (1982). Case law involving § 1983 claims is applicable in *Bivens* actions and *vice versa*. *See Farmer v. Brennan*, 511 U.S. 825 (1994); *see also Mitchell v. Forsyth*, 472 U.S. 511, 530 (1985); *Turner v. Dammon*, 848 F.2d 440, 443-44 (4th Cir. 1988).

Under established local procedure in this judicial district, a careful review has been made of Plaintiff's *pro se* Complaint filed in this case. This review has been conducted pursuant to the procedural provisions of 28 U.S.C. § § 1915, 1915A, and the Prison Litigation Reform Act of 1996, and in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995)(*en banc*); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983); *Boyce v. Alizaduh*, 595 F.2d 948 (4th Cir. 1979).

*Pro se* complaints are held to a less stringent standard than those drafted by attorneys, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case. *Hughes v. Rowe*, 449 U.S. 5, 9-10 & n.7 (1980); *Cruz v. Beto*, 405 U.S. 319 (1972). When a federal court is evaluating a *pro se* complaint, the plaintiff's allegations are assumed to be true. *Fine v. City of N. Y.*, 529 F.2d 70, 74 (2d Cir. 1975). Nevertheless, the requirement of liberal construction does not mean that this Court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Social Servs.*, 901 F.2d 387(4th Cir. 1990).

A bedrock requirement in any civil action is that the district court in which a complaint is brought shall have personal jurisdiction over the person(s) of the defendant(s). By its own title, Rule 4(e) of the Federal Rules of Civil Procedure ("Service Upon Individuals Within a Judicial District of the United States"), suggests that persons outside a given judicial district cannot be brought into that district court. The Rule, however, allows application of so-called state "long arm" statutes under certain circumstances:

> Unless otherwise provided by federal law, service upon an individual from whom a waiver has not been obtained and filed, other than an infant or an incompetent person, may be effected in any judicial district of the United States:
>
> > (1) *pursuant to the law of the state in which the district court is located, or in which service is effected, for the service of a summons upon the defendant in an action brought in the courts of general jurisdiction of the State*; or
> >
> > (2) by delivering a copy of the summons and of the complaint to the individual personally or by leaving copies thereof at the individual's dwelling house or usual

place of abode with some person of suitable age and discretion then residing therein
or by delivering a copy of the summons and of the complaint to an agent authorized
by appointment or by law to receive service of process.

Fed. R. Civ. P. 4(e)(emphasis added). Under the applicable South Carolina long arm statute, S.C. Code Ann. § 36-2-803 ("Personal jurisdiction based upon conduct"), nonresidents of South Carolina may be served and subjected to state court jurisdiction only where certain limited types of facts are presented in a case.[2] None of those types of facts are presented in this case, thus the long-arm provision, as incorporated into the Federal Rule 4, is of no benefit to Plaintiff if he wishes this Court to obtain personal jurisdiction over the Defendants.

Assuming Plaintiff's allegations about the handling of the disciplinary violation proceedings against him in the Atlanta prison to be true, Plaintiff's Complaint fails to reveal any basis for this Court to obtain personal jurisdiction over any of the Defendants. As stated above Plaintiff is suing federal prison officials

---

[2] Section 36-2-803 states in pertinent part:

(1) A court may exercise personal jurisdiction over a person who acts directly or by an agent as to a cause of action arising from the person's

    (a) transacting any business in this State;
    (b) contracting to supply services or things in the State;
    (c) commission of a tortious act in whole or in part in this State;
    (d) causing tortious injury or death in this State by an act or omission outside this State if he regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered, in this State; or
    (e) having an interest in, using, or possessing real property in this State; or
    (f) contracting to insure any person, property or risk located within this State at the time of contracting; or
    (g) entry into a contract to be performed in whole or in part by either party in this State; or
    (h) production, manufacture, or distribution of goods with the reasonable expectation that those goods are to be used or consumed in this State and are so used or consumed.

(2) When jurisdiction over a person is based solely upon this section, only a cause of action arising from acts enumerated in this section may be asserted against him.
. . .

and employees in a prison in Georgia under federal question jurisdiction (28 U.S.C. § 1331; 42 U.S.C. § 1983/*Bivens*) for alleged due-process violations and possible cruel and unusual punishment that occurred while Plaintiff was still incarcerated in Georgia at the federal prison in that state. Plaintiff does not allege that any of the problems he experienced with his disciplinary violation process took place in South Carolina, nor does he sue any South Carolina resident. Furthermore, given Plaintiff's apparently temporary status in this state only as a prisoner and not a resident, *see Polakoff v. Henderson*, 370 F. Supp. 690, 693 (N.D. Ga. 1973)("A prisoner does not acquire a new domicile in the place of incarceration, but retains the domicile he had prior to incarceration."), and the lack of personal contacts by any of the named Defendants with this state, there is no basis for this Court to exercise diversity jurisdiction over Plaintiff's Complaint even if Plaintiff had requested that the Court do so, which he has not. *See Mann v. City of Tucson, Dep't of Police*, 782 F.2d 790, 794 (9th Cir. 1986); *Clyde by Clyde v. Ludwig Hardware Store, Inc.*, 815 F.Supp. 688, 690 (S.D. N.Y. 1993); *Mitchavi v. N. Y. Daily News*, No. 4:CV-06-0628, 2006 WL 2715176 (M.D. Pa. Sept. 22, 2006).

The federal court in the Northern District of Georgia is the proper forum in which to adjudicate the claims based on activities that occurred in the Northern District of Georgia and against Defendants who are all located in the Northern District of Georgia. As a result, the interests of justice require this Court to transfer this case to the United States District Court that can obtain personal jurisdiction over Defendants and thereby avoid any procedural complications that may be wrought by dismissal of the case for lack of jurisdiction. *See Robbins v. Yutopian Enters.*, 202 F. Supp.2d 426, 430-31 (D. Md. 2002); *see also Robertson v. Northcutt*, No. 87-1730, 1988 WL 67575, *2 (4th Cir. June 23, 1988)(statute of limitations; preserving filing date is better served by transfer to more appropriate district than by dismissal). Furthermore, transferring the case is in keeping with the ultimate goal of allowing cases to be decided on their substantive merits, as opposed to being decided on procedural grounds. *See Goldlawr v. Heiman*, 369 U.S. 463, 466-67 (1962); *Dubin v. U. S.*, 380 F.2d 813, 815 (5th Cir. 1967). No rulings on Plaintiff's financial status or on the merits of this case have been made in connection with this recommendation for

transfer as such rulings are more appropriately within the authority of the United States District Court for the Northern District of Georgia to make. *See generally* 15 Wright, Miller & Cooper, *Federal Practice and Procedure* § 3827, at 268-74 (1986).

## **Recommendation**

Accordingly, it is the recommendation of the undersigned that this case be transferred in the interests of justice to the United States District Court for the Northern District of Georgia for further handling. *See* 28 U.S.C. § 1406(a); see also *Porter v. Groat*, 840 F.2d 255 (4th Cir. 1988); *Glaxo Inc. v. Genpharm Pharmaceuticals, Inc.*, 796 F. Supp. 872, 877 (E.D. N.C. 1992).

Plaintiff's attention is directed to the important notice on the following page.

Joseph R. McCrorey
United States Magistrate Judge

September 21, 2009
Columbia, South Carolina

## Notice of Right to File Objections to Report and Recommendation

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court judge need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).